IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MELVIN MENDEZ ROLDAN
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 16-1959CCC
(Related Cr. 06-0299-03CCC)

**OPINION AND ORDER**

Before the Court is petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (**d.e. 1**) filed May 24, 2016. The United States responded on August 8, 2016, with a Motion to Dismiss (**d.e. 4**) alleging that petitioner's § 2255 motion is untimely. Petitioner contends in a *Pro Se* Informative Motion (**d.e. 5**), which is NOTED, that his motion is timely because he is entitled to equitable tolling.

The Antiterrorism and Effective Death Penalty Act (AEDPA) sets a one-year statute of limitations for 28 U.S.C. § 2255 motions. The statute of limitations begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). However, equitable tolling is available when the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Fla., 560 U.S. 631 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner's conviction became final on October 7, 2013, when the Supreme Court of the United States denied certiorari; the AEDPA statute of limitations expired on October 7, 2014. Petitioner sent his counsel five letters requesting information about the status of the Petition for Writ of Certiorari;

several of these letters specifically reference petitioner's need for information in order to file his § 2255 motion (d.e. 5-1).  Petitioner has shown that he did not receive a response from counsel informing him of the denial of certiorari until May 12, 2015 (d.e. 5-1).  Petitioner's § 2255 motion (d.e. 1) was filed less than one year later, on April 21, 2016.

Because petitioner pursued his rights diligently by repeatedly seeking information about the status of certiorari, and because the extraordinary circumstance of his counsel's failure to inform him of the denial of certiorari prevented timely filing, the Court finds that petitioner is entitled to equitable tolling.  See e.g. Baskin v. United States, 998 F. Supp. 188, 190 (D. Conn. 1998) (permitting equitable tolling when counsel informed petitioner of denial of certiorari after § 2255 statute of limitations expired); Celikoski v. United States, 21 F. App'x 19, 22 (1st Cir. 2001) (distinguishing Baskin because petitioner received notice of denial of certiorari prior to the expiration of the statute of limitations).

However, there is another issue with petitioner's § 2255 motion, which is that he fails to provide supporting facts for any of his three claims.  The first ground, "ineffective assistance of counsel," is supported only by a conclusory statement that "the petitioner['s] attorney representation fell below [an] obje[c]tive standard of reasonableness."  The second ground, "falsehood by means of the witness in front of the grand jury", fails to identify both the witness and the alleged false statement.  The third ground makes general reference to the untimeliness of the investigation leading to the indictment.

CIVIL 16-1959CCC 3
(Related Cr. 06-0299-03CCC)

As petitioner has failed to set forth facts in support of his claims, his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (**d.e. 1**) is DENIED. Judgment shall be entered accordingly.

The Clerk of the Court SHALL mail a copy of this Opinion and Order to *pro se* petitioner Melvin Méndez Roldán, #30089-069, Unit 5, United States Penitentiary McCreary, P.O. Box 3000, Pine Knot, Kentucky 42635.

SO ORDERED.

At San Juan, Puerto Rico, on July 31, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge